Herring v. Hoppock (15 N.Y., 409), is an authority to show that the plaintiff, Hasbrouck, could maintain an action against the defendant after the first of November, Vandermark having failed to pay the price of the horse, but it is not authority to show that he could maintain the action at the time Vandermark sued Lounsbury. Hasbrouck, at that time, had no right to the possession of the horse, and to maintain an action for conversion the plaintiff must have a general or special title, and must have the right to the immediate possession.
What relation to the property did Vandermark sustain? He had by his contract secured the absolute right to the possession and enjoyment of the horse until the 1st of November, and also the right of uniting the title with the possession, by paying the stipulated price. He had a special property in the horse, and this, I think, was sufficient to bring him within the provision of the exemption statute. (2 R.S., p. 367, § 23.) He owned the horse as a team, within the meaning of the statute. Hence, I think he had a cause of action against Lounsbury, not as a bailee of the horse, but as owner, needing it for a team, and his condition being such as the statute specifies. But suppose he had not been a householder, or had had another team, could he have maintained the action against Hasbrouck? I suppose not. The judgment and execution would have been a complete bar as to him. He could, however, have maintained an action against a mere naked wrongdoer, upon his own interest *Page 601 
and title. I apprehend, however, that he could not have maintained an action against Lounsbury upon the relation simply of bailor and bailee, that is, simply upon the ground that he was the bailee of Hasbrouck. The execution would have been an answer to such action. I think no case can be found where a simple bailee of property has ever maintained an action against one who has taken the property from his possession on an execution against him. The judgment and execution would, in such a case, estop him, and the owner, the bailor, would be the only person who could maintain the action.
As I have already said, Vandermark's action was well founded. It was sustainable upon the ground that he owned the horse as a team, and the statute forbade its sale on execution. What should have been the amount of his recovery is another question, which it is not necessary for us to consider in this case, though I may say that, in my opinion, he should only have recovered the value of his special property, which was first a right to the horse until the first of November, and also a right to title absolute, on his paying $65. It is not material in this case whether the verdict in that case was too large. But if it were material, how can we say that it was more than the value of Vandermark's special property in the horse. The verdict was $60. In this action, commenced in December following, the verdict was $100. Vandermark, by his contract, had secured the right to the title on paying $65, and his interest in the horse may therefore have been $35, besides the value of the horse through the whole summer. But let us waive all this, and inquire as to the relations between Hasbrouck and Vandermark. It is claimed that they were simply bailor and bailee, and that either of them could have maintained the action. I think I have shown that Hasbrouck could not maintain the action until after the first of November, and not then, except upon a neglect to pay the stipulated price; and I have endeavored to show that Vandermark could not, as bailee, have maintained the action. In *Page 602 
other words, if he had simply been a bailee of the property he could not have maintained the action.
Did the relation of bailor and bailee exist between Hasbrouck and Vandermark? The contract, in my opinion, established a relation between the parties quite different from that of bailor and bailee, or, in other words, there is an element in the case not to be found in that of bailor and bailee, to wit: a sale by Hasbrouck to Vandermark, condititionally.
The judgment of the Supreme Court should be affirmed.
DENIO, Ch. J., WRIGHT and SELDEN, Js., concurred.